ALBERT B. ROSS, administrator, plaintiff in error, *vs.* ELIZABETH G. EDWARDS, administratrix, defendant in error.

1. An attachment affidavit to the effect " that Philetus H. Holt, as commissioner over Thomas Taylor, a lunatic, is indebted," etc., is a proceeding against Holt, individually, as the law of Georgia recognizes no such officer.

2. An attachment does not lie in this state against a lunatic and his committee, both non-residents of the state.

3. If, pending an attachment, the defendant die, and his administrator be made a party to the proceeding, with nothing more, and no notice

be given, as provided by the 3309th section of the Code, the administrator stands precisely as did the deceased defendant. He may attack the validity of the attachment, and if his objection be good the whole proceeding falls.

Attachment. Lunatic. Jurisdiction. Administrators and executors. Before Judge HILL. Bibb Superior Court. April Term, 1873.

For the facts of this case, see the decision.

POE & HALL, for plaintiff in error.

J. & J. C. RUTHERFORD; C. B. WOOTEN, for defendant.

WARNER, Chief Justice.

On the 24th day of December, 1869, Elizabeth Edwards, administratrix of James C. Edwards, deceased, made an affidavit, as required by law, that Philetus H. Holt, as commissioner over Thomas Taylor, a lunatic, was indebted to her, as administratrix aforesaid, the sum of $12,781 25, besides interest, and that said Thomas Taylor and said Philetus H. Holt, both reside out of this state. On the same day an attachment was issued commanding the sheriffs and constables of this state to seize so much of the property of Philetus H. Holt, as commissioner over Thomas Taylor, a lunatic, as will make the aforesaid sum of money, and make return thereof to the next May term of the superior court of Bibb county. The attachment was levied by the sheriff on several lots of land and other property, as the property of the defendant in attachment, and returned to the court as directed, whereupon the plaintiff filed her declaration founded on said attachment, in which she alleged that said Philetus H. Holt, as commissioner over Thomas Taylor, a lunatic, owed to and detained from her the sum of money aforesaid, under a contract made with her intestate and Thomas Taylor, in the year 1860, a bill of particulars of which is attached to the plaintiff's declaration, in which is charged the amount of money for commissions, etc., as therein specified and set forth. At the May term of the

court the defendant, Holt, by his counsel, filed a demurrer to the plaintiff's attachment and declaration on the ground that he could not be sued in the courts of this state as a committee of Thomas Taylor, a lunatic, for the reason that he had been appointed such committee by the supreme court of the state of New York, and was amenable to that court, and not liable to be sued in the courts of this state, and at the same term of the court filed pleas in bar of the plaintiff's action. Pending the suit on the attachment proceedings, Taylor died, and Ross was appointed his administrator. At the October adjourned term of the court, 1871, Ross, by an order of the court, was made a party to the attachment suit pending against Holt, he consenting thereto, without a regular *scire facias* being issued for that purpose. On this state of the pleadings the case was tried, and the jury, under the charge of the court, found a verdict for the plaintiff for the sum of $11,031 25, with interest from 1st January, 1863. Ross, the administrator of Taylor, made a motion to non-suit the case at the trial, which was refused, and also made a motion in arrest of judgment, and for a new trial on the ground that the verdict was contrary to the evidence, contrary to law, and for error in the charge of the court, and on several other grounds as set forth in the motion, all of which were overruled by the court on condition that the plaintiff would write off from the verdict all over the sum of $10,000 00, in that event, the plaintiff to have leave to enter judgment against the defendant, Ross, *de bonis testatoris*, for that amount; to which rulings of the court Ross, as administrator of Taylor, excepted.

1. The first question to be considered is the motion of Ross, administrator of Taylor, to arrest the judgment against him, as such administrator, on the allegations contained in the plaintiff's attachment and declaration founded thereon. The question is not whether the allegations in the attachment, and the declaration founded thereon, are sufficient to have authorized a judgment against Holt, the defendant therein, but whether there is any cause of action, or indebtedness alleged therein, against Taylor, the intestate of Ross, which would au-

Ross *vs.* Edwards.

thorize a judgment to be rendered against him as the administrator of Taylor *de bonis testatoris*. The affidavit of the plaintiff to obtain the attachment, alleges that Holt, as commissioner over Thomas Taylor, a lunatic, is indebted to her, as administratrix, the sum of $12,781 25. The attachment issued thereon commanded the sheriff to seize the property of Holt, as commissioner over Taylor, a lunatic. The attachment was levied by the sheriff on land and other property as the property of the defendant therein. The plaintiff, in her declaration founded on the attachment, alleges that Holt, as commissioner over Taylor, a lunatic, owes to and detains from her the sum of money claimed to be due her in the attachment affidavit. Who does the plaintiff allege in her attachment affidavit, and in her declaration, is indebted to her the sum of money claimed? The legal effect of her allegations is that Holt is indebted to her the amount of money claimed, in his individual capacity. It is true that she alleges that Holt, as commissioner over Taylor, a lunatic, owes to and detains the money from her, but the addition of these words is only a description of the person who is indebted to her. The words "as commissioner over Thomas Taylor, a lunatic," has no legal or official significance, under the laws of this state. There is no officer here of that description who could be indebted to her, as such, in any *official* capacity, and therefore if Holt was indebted to her, as alleged, he must have been indebted to her in his *individual* capacity, as much so as if she had alleged that Philetus Holt, "carpenter," or Philetus Holt, "blacksmith," was indebted to her. The attachment, and the declaration founded thereon, was a suit against Holt in his individual capacity, and the addition to his name "as commissioner of Thomas Taylor, a lunatic," is nothing more, in contemplation of the laws of this state, than a mere description of the person sued. Holt is the defendant in the attachment suit, and when he appeared and pleaded thereto the court obtained jurisdiction of his person as to that suit. When Ross became the administrator of Taylor, if he discovered that the property of his intestate had been levied on by an attachment

issued against Holt, to satisfy a debt alleged to be due by *him* to the plaintiff therein, it was his right, as such administrator, to petition the court to be made a party to that attachment suit, for the purpose of protecting the estate of his intestate. Whilst it may be true that he could not object to the jurisdiction of the court, as to his person, (though he filed no plea, and was not the original defendant in attachment,) still he might raise any objections which would defeat the plaintiff's recovery in that suit, for the protection of his intestate's estate, if it was necessary for him to do so. Ross, as the administrator of Taylor, did not represent Holt, the defendant in attachment; he was alive and represented himself. Ross, as administrator, only represented his intestate. His intestate was no party to the attachment suit in his lifetime, and Ross, as his legal representative, could not legally have been made a party thereto without his consent. When Ross, administrator, was made a party to the attachment suit against Holt, the proceedings therein continued to stand just as he found them; he filed no plea in the case, and there being no indebtedness of Taylor, the intestate of Ross, alleged by the plaintiff in her attachment affidavit, or in her declaration founded thereon, and no cause of action against the intestate of Ross alleged therein, which would have authorized a judgment *de bonis testatoris* to be rendered against him, as such administrator, he had the right to move the court to arrest the judgment against him on that ground, and, in our judgment, the court erred in overruling that motion, so far as the defendant Ross, administrator of Taylor, was concerned.

2. But let us take the view of the case as presented and insisted on by the plaintiff, that this was an attachment sued out by her against Holt, as commissioner over Thomas Taylor, a lunatic, to collect a debt due by the lunatic to her intestate, and that both Holt, the commissioner, and the lunatic resided out of the state, and that the laws of this state recognized such an officer as a commissioner of a lunatic. By what statute of this state, or by what authority of law, was the plaintiff authorized to sue out an attachment against such

commissioner of the lunatic, both living out of the state, and have the same levied on the property of the lunatic in this state? We know of none, and none was cited on the argument. The only provision made for issuing an attachment against a fiduciary trustee by the laws of this state, so far as we have any knowledge, is when an executor or administrator shall be actually removing or about to remove the property of his deceased testator or intestate without the limits of any county in this state, and then judgment cannot be entered up against them until after the expiration of two years from the granting of their letters testamentary or of administration: Code, section 3277. The general assembly of this state have not yet authorized an attachment to issue against a lunatic, or his guardian, who is not presumed to have the capacity to do any wrong to any one, or the discretion to control his powers of locomotion, nor has it authorized an attachment to issue against such lunatic, or his commissioner, residing out of this state, and to seize the property of such lunatic in this state, and it is not at all probable that it will ever do so, for reasons apparent to every one. Therefore, according to the plaintiff's own theory of this case, there was no law to authorize the issuing of the attachment against Holt, as commissioner over Thomas Taylor, a lunatic residing out of this state, and to seize the property of such lunatic in this state, and that being so, the court erred in not granting the non-suit so far as the attachment proceeding affected the rights of the deceased intestate lunatic, represented by Ross, his administrator, before the court.

3. It was insisted on the argument for the defendant in error, that notwithstanding the attachment may have been void, yet as Ross, the administrator of Taylor, became a party to the suit, he could not afterwards object to the validity of the attachment, but that the plaintiff might proceed against him as in other cases at common law. Whether the plaintiff can do that, after the defendant's making defense and pleading to the merits of the action, when the attachment, which is the foundation of the suit, is *void*, we express no opinion. In this case,

Ross, the administrator, was not served with notice by the plaintiff as required by the 3309th section of the Code, and he did not replevy the property levied on, nor did he appear and *make defense* to the suit; he filed no plea thereto, he appeared and was made a party only, that was all : See Code, 3328, 3461. Not having filed any defense to the suit or pleaded to the merits thereof, or been served with ten days' notice, and not having replevied the property levied on, he had the right, although made a party, to except to the jurisdiction of the court, as to the subject matter of the attachment, and to move the court to dismiss the proceedings as he did. If the attachment was sued out against Holt, for a debt alleged to be due the plaintiff in his individual capacity, and such, we think, is its legal effect, for the reasons hereinbefore stated, then the judgment against Ross, administrator of Taylor, should have been arrested. If the attachment was sued out against Holt, as commissioner of Thomas Taylor, a lunatic, both residing out of this state, as the plaintiff insists that it was, then the non-suit moved for by Ross, the administrator of Taylor, should have been granted, so far as the rights and interests of his intestate were concerned, for the reason that the attachment was issued against Holt, as commissioner over Thomas Taylor, a lunatic, without authority of law. Whether the attachment was sued out against Holt as being indebted to the plaintiff in his individual capacity, or whether it was sued out against Holt as being indebted to the plaintiff as commissioner over Thomas Taylor, a lunatic, the judgment of the court below should be reversed so far as the same affects the estate of Thomas Taylor, the intestate of the defendant Ross.

The view which we have taken of this anomalous, hermaphrodite proceeding to seize and subject the property of a lunatic living beyond the limits of the state to the payment of the plaintiff's alleged demands, will necessarily control it, we therefore express no opinion in relation to the other questions made in the record.

Let the judgment of the court below be reversed.

McCay, Judge, concurred from the bench, as follows:

1. A defendant in attachment, who has not been served with notice by the plaintiff, under section 3209 of the Code, may appear and object to the validity of the attachment, and if the objection is a good one, the whole proceeding falls, nor is this right to dismiss the whole lost, because the defendant files a plea to the merits cotemporaneously with his objection to the validity of the attachment.

2. An attachment does not lie in this State against a lunatic and his committee, both non-residents of the State.

3. If, pending an attachment, the defendant die and his administrator be made a party to the proceeding, with nothing more, and no notice be given, as provided by the 3309th section of the Code, the administrator stands precisely as did the deceased defendant. He may attack the validity of the attachment, and if his objection be good the whole proceeding falls.