ELIZABETH G. EDWARDS, administratrix, plaintiff in error, *vs.* ALBERT B. ROSS, administrator, defendant in error.

1. The absence or non-residence of a debtor who never resided here, is no reply to the statute of limitations.

2. Where the limitation act of March, 1869, would otherwise apply, the bar is not prevented by the non-residence and lunacy of the debtor, and his being under a non-resident committee, at the passage of the act, and until he died in 1871, administration having been granted here on his estate almost three years before the action was brought. The bar attached, at farthest, after one year nine months and fifteen days from the grant of administration.

3. This is not a "renewed case," but a first and independent suit, though brought against the administrator within six months after the dismissal of a void attachment, issued in 1869 against his intestate's committee, to which, while it was pending, and within less than four months after he obtained his letters, the administrator was made a party by consent. A void thing is not a "suit" or "case" within the meaning of section 2932 of the Code.

Statute of Limitations.   Administrators and Executors. Renewal.   Before Judge HILL.   Bibb Superior Court. April Term, 1876.

Elizabeth G. Edwards, as administratrix upon the estate of James C. Edwards, deceased, brought assumpsit against Albert B. Ross, as administrator upon the estate of Thomas Taylor, deceased, for $11,328.25, with interest from January 1st, 1863.   Her declaration made, in brief, the following case :

Edwards was a general land agent residing in Macon, and having his business office there.   In May, 1857, he entered into a written contract with Taylor, then temporarily in Macon, containing no specified place of performance, to effect the sale of certain lands, upon which he was to receive a commission of ten per cent. on all sales which he should make at or over certain stipulated prices.   After much labor, in the year 1860, he effected the sale of said lands, at prices not below the amounts stipulated, his commissions upon which amounted to the sum above mentioned.   Edwards was

not only empowered by said contract to sell the undivided interest of Taylor, but also the interest of the joint owners with him, by reason of which he became entitled to an additional $5,267.50.

At the time the contract was made (May, 1857,) and when the injury was sustained (November, 1860,) by Taylor's refusal to comply with his contract, he resided in the state of New York, and continued to reside there until his death in April, 1871, and never revisited in Georgia after August, 1860. He was, in the state of New York, in the year 1866 or 1867, legally declared a lunatic and a committee put over him, and so remained until his death. The defendant became his administrator in Georgia on October 9th, 1871, whereby plaintiff says the cause of action did not accrue until twelve months after that date. In April, 1861, war was formally declared between the sections, New York being on one side and Georgia on the other. The statute of limitations was suspended from November 30th, 1860, until July 18th, 1868.

On December 29th, 1869, plaintiff commenced suit by attachment, on this cause of action, against Philetus H. Holt as commissioner over Thomas Taylor, a lunatic. At October term, 1871, of Bibb superior court, Albert B. Ross, as administrator, was made a party defendant by consent. A demurrer was filed to this attachment which was sustained, and the judgment of the superior court affirmed by the supreme court on April 14th, 1874, on the ground that there was no law in Georgia authorizing such a proceeding, either against a non-resident lunatic or his non-resident committee. This judgment was made the judgment of Bibb superior court on May 11th, 1874, and this suit was filed on October 6th, of the same year.

The declaration was, by amendment, made thus full in order that the defense of the statute of limitations might be presented by demurrer. Such demurrer was sustained, and the plaintiff excepted.

J. & J. O. RUTHERFORD; O. B. WOOTEN, for plaintiff in error.

POE & HALL, for defendant.

BLECKLEY, Judge.

1. In the limitation laws of Georgia, there is no saving in favor of a creditor because of the absence or non-residence of his debtor, if the debtor never resided here—15 *Ga.*, 1; 32 *Ib.*, 253; 54 *Ib.*, 126.

2. The fact that at the passage of the act of March 16th, 1869, the debtor was both a non-resident and lunatic (having over him a committee who was also a non-resident,) and so continued until his death in April, 1871, did not obviate the bar of the statute to an action brought, October 6th, 1874, against his administrator, upon a contract made in 1857 which became due in November, 1860, administration having been granted in this state to a resident thereof on the 9th of October, 1871. Even if the bar did not attach in the lifetime of the debtor, suit was not commenced against his administrator within due time—50 *Ga.*, 382; 54 *Ib.*, 500; 55 *Ib.*, 35.

3. The bar was not prevented by the pendency of a wholly void attachment, sued out in December, 1869, declaration filed thereon in May, 1870, the administrator made a party defendant, by consent, in January, 1872, and the proceeding terminated by dismissal within six months prior to the commencement of the present action. Said attachment having been adjudged to be void, (52 *Ga.*, 24,) cannot be treated as a "suit" or "case" within the true meaning of section 2932 of the Code; and, consequently, the present action, though brought within six months after the attachment was disposed of, is not a "renewed case," but a first and independent suit —46 *Ga.*, 126; 50 *Ib.*, 262. Compare 22 *Ga.*, 359.

Judgment affirmed.