*Oliver C. Hancock,* contra.

---

3527.   COOPER *v.* MOST NURSERY COMPANY.

1. A suit for damages which had been sustained by the plaintiff more than five years prior to the issuance of the attachment against one who was a non-resident throughout that period was barred by the statute of limitations.

2. The plaintiff's right to proceed by attachment depended upon the non-residence of the defendant. · The allegation that the defendant was a non-resident was not stricken by amendment, and could not have been stricken without resulting in the dismissal of the case; and the absence or non-residence of a debtor who never resided in this State is no reply to the statute of limitations.

DECIDED JANUARY 15, 1912.

Attachment; from city court of Floyd county—Judge Reece. June 5, 1911.

*M. B. Eubanks,* for plaintiff.

*George A. H. Harris & Son,* for defendant.

RUSSELL, J.   Mrs. M. A. Cooper sued out an attachment against P. P. Most Nursery Company, alleging the non-residence of the defendant, as the ground of attachment.   The attachment was served by the service of summons of garnishment on a garnishee residing in Floyd county, on June 7, 1910.   Upon the filing of a declaration in attachment the defendant demurred, seeking to interpose the bar of the statute of limitations.   The court sustained the demurrer and dismissed the plaintiff's action, and thereupon the plaintiff sued out the present writ of error.

According to the allegations of the declaration, P. P. Most Nursery Company, whose name imports a corporation, is not a resident of the State of Georgia; and it is not alleged that the defendant was at any time a corporation of this State.   If the defendant ever was a non-resident corporation, it must be presumed to have continued to be such; because it could only become a corporation of the State of Georgia by obtaining a charter here.   The lower court allowed an amendment to the petition, setting up that at the time the cause of action accrued this non-resident corporation had as an agent residing in Floyd county one Maples; and by the amendment it was sought to relieve the bar of the statute of limitations by allegations to the effect that Maples represented that P. P. Most Nursery Company was a Georgia corporation, which was false, and the statement was made with intent to defraud, and that after the plaintiff's right of action accrued, she made every endeavor to locate Maples and the defendant, but failed to do so.

· The only question in the case is whether the amendments to the plaintiff's petition are such as would relieve from the bar of the statute of limitations a cause of action apparently almost six years old, in which the plaintiff sought to recover damages resulting

from misrepresentation and deliberate breach of a contract to furnish specified varieties of peach trees for the plaintiff's orchard. Under the allegations of the original petition the action is plainly barred; for it is alleged that the plaintiff ascertained in 1904 that she had not been furnished with the varieties of trees she had bought, and as far back as 1904 she knew she had been deceived by the agent of this non-resident corporation, and yet she took no step to recover her damages until 1910. The plaintiff attempts, by amendment, to relieve the defect in the action, by allegations to the effect that she had made every effort to ascertain the residence of the defendant, but had failed, and allegations to the effect that Maples, up to the time that she discovered the fraud that had been practiced upon her, resided in Floyd county, and that Maples, at the time she purchased the fruit trees, told her that the P. P. Most Nursery Company was a Georgia corporation. It is the plaintiff's misfortune if she could not find out the defendant's whereabouts in six years, but the result of the delay can not be affected by any of the circumstances alleged in the amendment to her petition. The law presumes that four years is sufficient time for a plaintiff to ascertain all the necessary facts upon which to base a suit, and mere inability to do this, which is not directly chargeable to the opposite party, is ineffectual to prevent the bar of the statute of limitations. Fraud on the part of the opposite party, where it is apparent that such fraud prevented the earlier assertion of one's rights, might relieve from the bar, but, according to the allegations in the present petition, all the fraudulent acts and sayings of Maples, the agent of the defendant, occurred before 1904; and in 1904, when the peach trees began to bear, and the fraud, if any, was discovered, the plaintiff knew just as much of Maples's fraud, and just as much of the whereabouts of the defendant, as she did in 1910, at the end of a six years' search for Maples and for the residence of the P. P. Most Nursery Company.

The allegations of the petition, as a whole, do not tend to distinctly negative the inference that the P. P. Most Nursery Company may be doing business in Georgia, and that they may now have, and may have had for six years preceding the suit, agents in Georgia upon whom service could have been perfected; but, as we have previously remarked, the mere fact that the plaintiff was unable for six years, after the discovery of the fraud, to ascer-

tain the whereabouts of the defendant, affords no exception to the general rule which bars a cause of action, which, like the present, is required to have been prosecuted in four years. The plaintiff could not amend her declaration so as to strike the allegation that P. P. Most Nursery Company resides out of the State of Georgia, without destroying the only ground upon which the attachment rested; and the fact that Maples had moved from Georgia to Texas, or that she was unable to locate the defendant, or any of its officers or agents, or to find any property belonging to the defendant which might be seized by attachment, presents no legal reason for relieving the action from the bar of the statute of limitations. According to the allegations of her own petition, the plaintiff discovered the breach of the contract on July 15, 1904, and had the attachment served on June 7, 1910. The demurrer was properly sustained.

The fact that Maples told the plaintiff that his principal, the P. P. Most Nursery Company, resided in Georgia, is of no consequence. The allegation which might have relieved the bar of the statute must have been that P. P. Most Nursery Company, as a matter of fact, did reside in Georgia; and yet, if the Nursery Company merely resided at some time in the past in Georgia, being a Georgia corporation, the removal of the corporation to another State would not of itself change its legal residence. In order to become a resident of another State, a corporation must be chartered in that State, or at least its principal office must, by its charter, be declared to be in that State; and, as a corporation can have no legal residence except as determined by its charter, the incorporation of a domestic corporation in another State would create it a corporation of that State, as a new corporation, entirely apart from the fact that there may have been a previous incorporation in some other State; thus rendering the previous residence of the parties who might be corporators or stockholders in the corporation, whether in this State or in some other, totally immaterial. The plaintiff could not have made an allegation upon this subject which would have been of any value, because the residence of a corporation is fixed by its charter, and the absence or non-residence of a debtor who never resided here is no reply to the statute of limitations. 9 Enc. Dig. Ga. Rep. 36; *Edwards* v. *Ross, 58 Ga.* 147.                                                   *Judgment affirmed.*