BAILEY *et al. v.* ALMAND & GEORGE.

Where an attempt was made to bring an action in a justice's court of a given county upon a joint promissory note against two persons, one of whom resided in that county and the other in another county, the original summons requiring the former to appear at a specified term of the court, and what purported to be a second original requiring the other defendant to appear at a different term, a motion made in due time by both defendants, at a term subsequent to the latter, "to dismiss said cause because they were not sued on said joint note in one and the same action or suit," should have been sustained, and they were not cut off from assigning error upon the refusal of the magistrate to grant this motion because, after such refusal, they pleaded to the merits and contested the plaintiffs' right to recover.

February 7, 1896.

*Certiorari.* Before Judge Clark. DeKalb superior court. February term, 1895.

*J. N. Glenn,* for plaintiffs in error.
*John S. Candler,* contra.

ATKINSON, Justice.

Plaintiffs in error were sued by defendants in error upon a joint promissory note. One of them resided in DeKalb county; the other in Gwinnett. Two summonses were issued, returnable to different terms of the same court; and when the case came on to be heard, they made a motion to dismiss the suit because it was not properly brought. The motion was overruled, and upon the trial judgment was rendered in favor of the plaintiffs. An appeal was taken to a jury in the magistrate's court, and when the appeal came on to be tried, the motion to dismiss was renewed, and again overruled. Upon the trial of the appeal a verdict was rendered in favor of the plaintiffs, and the defendants sued out a writ of *certiorari,* alleging error upon the refusal to dismiss, and complaining of other errors alleged to have been committed on the trial. The superior court overruled the *certiorari,* and to that judgment defendants excepted.

In dealing with this case, we do not deem it necessary to pass upon any question, other than that involved in the motion to dismiss. According to the record in this case, the suit was upon a joint undertaking of defendants. It was necessary to the maintenance of such an action that both of them be made parties defendant, or, this not being done, the plaintiffs should allege some reason, sufficient in law, why they were not jointly sued. No such reason appears in the record, and the suit was therefore improperly brought. There were two suits against the defendants severally, brought in the same court, but to different terms. Neither of the actions can be upheld; nor are the defendants concluded upon their motion to dismiss, because of the fact that, after it was overruled, they pleaded to the merits, and proceeded with the trial of the case. *Cox* v. *Potts,* 67 *Ga.* 521. We conclude, therefore, that the magistrate erred in refusing to dismiss the suit, and that the judge of the superior court erred in refusing to sustain the *certiorari.*

*Judgment reversed.*