## COX *vs.* POTTS.

1. Appearance of counsel for the purpose of pleading to the jurisdiction of the court, and entry of their names on docket with the word "answer," is not such pleading to the merits as admits jurisdiction.

2. Pleading to the merits does not admit the jurisdiction, if at the same time exception be taken thereto.

(*a*). While a written motion of counsel, during the term and on the day after the entry was made, to withdraw any significance of waiver that might be attached to such entry, was a novel proceeding, yet it substantially amounted to an exception to the jurisdiction.

3. A defendant having excepted to the jurisdiction of the court in a civil case, having subsequently slain one of his counsel, and been incarcerated to await a trial therefor, and having been notified only a week before the civil trial that his other counsel declined to represent him further, he was not guilty of laches in not employing new counsel and defending the case; nor did he lose the right to except to the judgment by affidavit of illegality for want of jurisdiction appearing on the face of the proceedings.

Service. Jurisdiction. Waiver. Attorney and Client. Practice in Superior Court. Before Judge HILLYER. DeKalb Superior Court. March Term, 1881.

An execution issued from the superior court of DeKalb

county in favor of Potts against Cox, and was levied upon property of the defendant. He filed an affidavit of illegality thereto on the following grounds:

(1.) Because there was no legal verdict or judgment in the case from which said *fi. fa.* issued to authorize the issuance of said *fi. fa.*, there being no appearance and pleading by defendant, and it appearing to the court when the verdict was rendered and judgment was entered, that the only service in the case was a return of the sheriff of DeKalb county, as follows: "Served the defendant by leaving a copy of this writ and process in the hands of H. V. Bayne at the former residence of defendant in DeKalb county, this August 31, 1878."

(2.) Because defendant has never had his day in court, was never served, did not acknowledge service or authorize an acknowledgement of service, and did not appear and plead, or authorize an appearance or pleading in the suit, the foundation of the said *fi. fa.*

(3.) Because said court had no jurisdiction in said case, defendant being at the time suit was brought a resident of the county of Taylor in said state.

To this affidavit of illegality the plaintiff filed a traverse. By consent the case was passed upon by the presiding judge, both as to the law and facts without a jury.

Upon the hearing, plaintiff in *fi. fa.* introduced the original record of the case from which the execution issued, from which it appeared that the defendant was sued as of DeKalb county; on the declaration was this entry of service:

"Served the defendant by leaving a copy of this writ and process in the hands of H. V. Bayne, at the former residence of defendant, in DeKalb county, this August 31, 1878.

　　　(Signed)　　　　　　　　JAS. HUNTER, *Sheriff.*"

Verdict and judgment upon the same in favor of the plaintiff against the defendant for the principal debt and interest sued for, dated March 27th, 1879.

Cox *vs.* Potts.

The bench docket showed the entry of the case as follows:

"L. J. Winn, F. M. Potts ) September Term, 1878. Com-
*vs.* } plaint. Answer. March Term,
Alston & Calhoun, Edward Cox. ) 1879. Verdict."

Patrick Calhoun testified that the law firm of Alston & Calhoun had been employed by Edward Cox to represent him in his business in Fulton and Dekalb counties; they had not been employed by defendant to represent him specially in the case of F. M. Potts; Cox had lived in Dekalb county, but at the time this suit was brought was residing in Taylor county. Some time before the term of the court to which the suit of F. M. Potts was brought, he had met Mr. L. J. Winn, who said to him that he had claims of F. M. Potts and Paul Jones on Edward Cox, which he must collect, and was intending to sue in Dekalb county. This fact witness mentioned to Cox, and they talked together about resisting the cases because of want of jurisdiction in the court, Cox having removed to Taylor county. At the appearance term of the case of Potts against Cox in the superior court, when called he responded " answer," which was then entered on the bench docket by the presiding judge. At the time of this answer he intended only to take advantage of what he deemed was a defective service of the defendant, and did not intend to make answer to the merits of the case, and waive any exception he might make to the service or jurisdiction of the court. He had expected Cox to be up from Taylor county at this term of the court, and not coming, he made a motion in writing, on the next day after the calling of the case, explanatory of his appearance in the case, and to strike from the docket the said entry of " answer." After the adjournment of the term he wrote the letter exhibited to him dated October 5th, 1878, to defendant, and so far as he knows this was the first notice defendant had of the suit.

v 67—34

On the week before the term of Dekalb court at which judgment was rendered against Cox, and after the killing of R. A. Alston, by Cox, witness wrote to Cox while the latter was confined in jail in Fulton county, informing him that he could no longer continue to represent him in his business.

L. J. Winn, testified that he was present in the superior court at the September term, 1878, when the appearance docket was called. The case of F. M. Potts *vs.* Edward Cox was sounded on the regular call of the appearance docket, to which Mr. Calhoun, of the law firm of Alston & Calhoun, responded " answer," and asked that the name of Alston & Calhoun be entered on the docket as attorneys for defendant. This call was had early in the term, probably on Tuesday of the first week of the court.

Evidence by plaintiff in illegality : Edward Cox in answer to interrogatories sued out in the case, testified that he lived last in Dekalb county, the latter part of the year 1877, when he removed to Taylor county, and was residing there at the time of the bringing of suit by plaintiff. He was not served in either of the cases; did not acknowledge service; did not appear and plead to the case, and did not authorize any one to appear and plead for him. First heard of the cases after they were brought and before judgment, through Alston & Calhoun ; told them to look after the cases; that he did not live in Dekalb county, and had not, and would not waive jurisdiction. Alston & Calhoun generally looked after his business in Dekalb county, but did not authorize them to waive or acknowledge service in these matters ; it was understood they were not to do so, as he lived in Taylor county. At the taking of his answers, he was in Fulton county jail; could not say that he had any home, and his family have moved back to Dekalb county after his troubles. Alston & Calhoun were generally employed by him, but only to represent him in these cases so far as to throw them out

of court by reason of his non-residence in Dekalb county. Received notice from P. Calhoun, before the judgment term of said cases, that he would no longer represent witness, and had withdrawn from the defense of the case; but he was never served, and did not consider that he was properly in court, never having been called to plead.

Two letters from Alston & Calhoun to Cox, as stated in the testimony of Calhoun, were introduced in evidence; also the explanatory motion stated in his testimony. The court dismissed the affidavit of illegality, and defendant excepted.

CANDLER & THOMSON, for plaintiff in error.

L. J. WINN, for defendant.

JACKSON, Chief Justice.

The legal question made in this record is whether the answer by counsel and marking their names to the bench docket is equivalent to appearance and pleading, so as to give jurisdiction to the court of a county where the defendant does not reside, and when the only service upon him is that of leaving a copy of the declaration at his late residence, and placing it there in the hands of a man who is not even his agent, and when the counsel were not even specially employed to defend the case on the merits, but only to plead to the jurisdiction or throw it out, and where his counsel abandoned his case when he was in jail, notifying him only a week before trial, and he charged with murder.

The judge of the superior court, as judge and jury, held that these facts admitted jurisdiction. We cannot concur that such is either law or justice.

The controlling legal question is this: will the entry of "answer" on the bench docket, and the marking the names of counsel for defendant there, be such evidence of ap-

pearance and pleading to the merits as to amount to a waiver of service and admission of jurisdiction as contemplated in sections 3335 and 3461 of the Code?

It is true that by the 3458th section of the Code, it is enacted that " the general issue is a denial of the allegations in plaintiff's declaration, and shall be considered as filed in all cases which are answered to at the first term;" and it is true also, that this court has held that to the plea so presumed to be filed any amendment may be added by the defendant. But the question of jurisdiction is quite a different matter, and this court while not deciding the point, because it was unnecessary in the case, has intimated very strongly that it is not such appearance and pleading as will work a waiver of process and service. 58 *Ga.*, 417. This court in that case uses this language: " It is true the judge had entered answer on the docket, and the Code declares in section 3458, that the general issue shall be considered as filed in all cases which are answered to at the first term. We hardly think this implied pleading is the sort contemplated in section 3335, as working waiver of process and service. We incline to the opinion that this section has in view something put on file, signed by defendants or their counsel, and destined to become of record with the other proceedings in the cause—something as full and formal as an ordinary acknowledgment of service."

In that case the sheriff was the principal debtor and process was directed to him, and he served all the defendants, two sureties and himself. The court held the process void and the service no service, and allowed the sureties to make the point at the second term. All lived in the county, and the court had jurisdiction of subject matter and of persons, and process and service were attacked. More should be required in matter of jurisdiction where defendant lived out of the county and the court had no jurisdiction of him at all. No process of that court could reach him; no service could bind him. Yet he was held

to be bound because counsel had their names marked for him, and the judge put answer on the bench docket.

Moreover, on the very next day the counsel moved to retract whatever significance might be attached to the act of having their names marked, and put that motion in writing and of file. It stated that the answer was made not to plead to the merits but to the jurisdiction, because their client lived in another county. Further, it appeared from the record itself that there was no legal service. The sheriff's entry was that he served defendant by placing a copy "in the hands of H. V. Bayne at the former residence of defendant in Dekalb county."

Section 3461 of the Code declares : "If a defendant appear and plead to the merits, without pleading to the jurisdiction, and without excepting thereto, he thereby admits the jurisdiction of the court." Section 3462 provides that where "a want of jurisdiction appears on the face of the proceedings, it may be taken advantage of by motion."

In this case the want of legal service, by the fact that the late residence of defendant had been in Dekalb and a stranger had been served with the copy of writ and process, appeared on the face of the proceedings ; and when it appeared, and the attention of the court was called to it, the case ought to have gone out at once. There was no need to withdraw the entry. A plea to the jurisdiction could have been filed at any time during the term, notwithstanding the answer, and the motion to dismiss could have been made during the term, where the defect, as in this case, appeared on the writ.

Nay, in the case in the 58th *Ga.*, it was allowed to be made at the second term. The fact is, whenever a court sees that it has no jurisdiction, it should wash its hands of the case, unless some act has been done to waive it. The motion to withdraw, though a singular mode of proceeding, amounted to an exception to the jurisdiction, and even if twenty pleas to the merits, all of record, had been

filed at the first term, they would not have waived jur's-
diction, if at the same term and time the jurisdiction had
been excepted to.    The language of section 3461 is, that
" if a defendant appear and plead to the merits without
pleading to the jurisdiction and without excepting thereto,
he thereby admits the jurisdiction."    See, he must not
only plead to the merits, but decline to plead to the juris-
diction, and fail to except to it.    But in this case, he did,
by his counsel, except in writing, virtually by the motion
to withdraw or explain his answer, and continued so to
do by the paper remaining of record before the eyes of
court, though his counsel abandoned him, up to and at
the time of the judgment.

We forbear to say more, except to add that he was
abandoned because one of his counsel had been slain by
him, and the other would not longer defend the slayer of
his partner.    Of this he was informed the week before
trial term, and he in jail charged with the murder!    Who
could be expected to attend to such a case under such cir-
cumstances, and on notice so short, and employ other
counsel?

Judgment reversed.

Cited for plaintiff in error: Code, §§3461, 3594, 3335
3458; 56 *Ga.*, 51; 58 *Ib.*, 412.

For defendant: Code, §§3458, 3335, 3753; 33 *Ga.*, 243;
36 *Ib.*, 108.