## ROUNTREE *vs.* KEY.

Where a case is dismissed for want of prosecution by the plaintiff, it is a discontinuance within the meaning of the statute, and the case may be renewed within six months.

(*a.*) This case differs from those in 56 *Ga.*, 185, 188; 66 *Id.*, 480.

October 9, 1883.

Practice in Superior Court. Discontinuance. Dismissal. Statute of Limitations. Before W. A. HAWKINS, Esq., Judge *pro hac vice.* Macon Superior Court. May Adjourned Term, 1883.

On October 31, 1881, Rountree brought complaint against Key on a note dated January 4, 1875, due one day after date. Defendant pleaded the general issue, the statute of limitations and *non est factum* Plaintiff amended by alleging that on October 16, 1880, he brought suit against defendant in Telfair county, where he was then living, on the same note; and that the case was discontinued on October 18, 1881, and the present action brought within six months thereafter.

On the trial, plaintiff introduced evidence to sustain the facts set out in the declaration, except that it appeared that the action in Telfair county was dismissed for want of prosecution.

On motion, the court granted a non-suit. and plaintiff excepted.

E. G. SIMMONS; D. W. ROUNTREE, for plaintiff in error.

C. F. CRISP, for defendant.

JACKSON, Chief Justice.

The sole question made in this record is this: When a case is dismissed by the court for want of prosecution by the plaintiff, is it a discontinuance of the case by the plaintiff, so as to allow him to renew the action within six months? "A discontinuance," according to Blackstone,

third Book, p. 296, "is somewhat similar to a non-suit; for when a plaintiff leaves a chasm in the proceedings of his cause, as by not continuing the process regularly from day to day and time to time, as he ought to do, the suit is discontinued, and the defendant is no longer bound to attend; but the plaintiff must begin again, by suing out a new original, usually paying costs to his antagonist." And the learned commentator adds that anciently on the death of the king all actions were discontinued, until the act Edward VI., chap. 7, enacted the contrary.

So in 1 Bouvier's Law Dictionary, p. 481, under the head of "Discontinuance in pleading and in practice," the same definition is given, and Blackstone, among other authorities, such as Comyn's Digest, "Pleader," and Bacon's Abridgment "Plea," p. 5, and several reported cases, is cited.

So that it would seem that a discontinuance is where the plaintiff fails to follow up his case and leaves a chasm in the proceedings by his *laches*. There the defendant need attend no longer with counter pleadings, but would be entitled to have the case discontinued, and the only question seems to have been one of costs, which was determined on the facts of each case.

Where the common law rule of strict pleadings prevails, or did prevail, action was taken by the court at the instance of the other party because of the chasm left in the cause by his adversary failing to reply or rejoin or surrejoin, or do any other act necessary to follow up his case because thereby he had discontinued it.

It would seem that in this state, where no such strict links of pleading are necessary to make the chain at the end of which issue is joined, a failure to appear and prosecute, and thus follow up his case, or continue to prosecute, would operate as a discontinuance by the plaintiff's action, and the court might order that it be discontinued at the motion of the defendant, or do what is the same thing under our practice, in effect and substance,—dismiss the plaintiff's suit for want of prosecution.

So that, whether we take the language of our Code, which is: "If the plaintiff shall be nonsuited or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing as to limitation with the original case, but this privilege of dismissal and renewal shall be exercised only once under this clause"; or take the language of the act before codification, which uses the words "shall be discontinued," the conclusion would be the same. For the reason that the plaintiff's non-action—his failure to prosecute or follow up his case—works the discontinuance; and it is he that discontinues, and the court merely gives judgment on his act of discontinuance by failure to appear. Thus, "shall discontinue" means the act of the plaintiff in failing to follow up his suit, and "shall be discontinued" means precisely the same thing, as the case could not be discontinued but by his act—his failure to come to court and follow up his suit. So that, in this respect the act of 1847 and the Code are substantially the same; and what this court say in *Kimbro & Morgan vs. The Virginia and Tennessee Railroad Company*, 56 *Ga.*, 185–188, that "in so far as the Code conflicts with the act of 1847, that act is repealed," does not apply here, because there is no conflict. Code, §2932; Cobb's Digest, 569.

Nor does that case conflict at all with this. There, there was judgment on demurrer, because "the allegations in the petition do not make a case upon which plaintiffs can recover"; here is a mere failure to prosecute or continue to follow up suit. In that case, the judgment of dismissal on demurrer to the merits is just as effectual *res judicata* as a judgment on a verdict. In the one case the jury finds facts, and the law is applied to the facts so found; in the other, the facts are admitted by the demurrer, and the law is applied. So that the case in the 56th could no more be renewed than after verdict and judgment thereon; in this case it can, not having been at all adjudicated on the

merits. But it is said that this court has decided that a dismissal for lack of prosecution is not a discontinuance in the sense in which the terms are used in section 2932 of the Code; and the case of *Rumph vs. Truelove et al.*, 66 *Ga.*, 480, is cited to authorize the assumption. But that was a construction of section 3446 of the Code, which is, that " a retraxit differs from a non-suit, dismission or discontinuance in this : A retraxit is positive and conclusive of plaintiff's right of action, while a non-suit, dismission or discontinuance is negative, and the plaintiff may recommence his suit on the payment of costs." The case was dismissed for want of prosecution, and the costs had not been paid. The court ruled that the costs need not have been paid in that case, because the dismissal for want of prosecution was not embraced in the section *eo nomine.* It did not appear that it had been caused by the plaintiff on purpose, that he had discontinued or dismissed the suit; but that it might have been owing to sickness or other good cause that he was constrained to absent himself. Besides, the statute is altogether a different one from this now under consideration, and the ruling being in favor of the right of renewal without prepayment of costs, where a case is dismissed for want of prosecution—occurring very often where there is no deliberate act of the plaintiff to discontinue—is right in principle, and will be applied to such cases arising under that statute, §3446 of the Code; but the case at bar arises under the limitation act of section 2932 of the Code, where a party's case was dismissed for want of prosecution, on account of a plea in abatement that defendant did not live in the county where first sued, and where, therefore, he himself voluntarily absented himself, gave up further prosecution of that suit, followed it up no longer, and to all intents and purposes discontinued it himself.

An examination of the rulings of this court on the act of 1847, substantially re-enacted on this point by the act of 1856—acts of 1856, p. 237—convinces us that this court

has gone great lengths in permitting the renewal of suits within six months, so as not to be barred, if the original suit was not barred, so as to extend the provisions to almost any case where the suit was dismissed not on its merits. See 27 *Ga.*, 372; 13 *Ib.*, 55, 306; 32 *Ib.*, 435, 448; 60 *Ib.*, 628, 629, 631; 48 *Ib.*, 362.

Upon principle and authority, therefore, we feel constrained to reverse the judgment, and hold that the case was not barred, and the grant of the non-suit therefore erroneous.

Judgment reversed.