## McCLENDON & CO. v. HERNANDO PHOSPHATE CO.

1. A declaration which merely alleges that the defendant is indebted to the plaintiffs upon an "open account, besides interest, a copy of which account is hereto annexed and made a part of the same," is not, although a bill of particulars is thereto attached, good as against a special demurrer alleging that "in none of the paragraphs of plaintiffs' petition is any amount alleged or claimed against the defendant." The declaration itself ought to state clearly and distinctly what the plaintiff claims to be due upon the account; and a loose general statement that the defendant is indebted thereon is not sufficient, it not even being averred that the plaintiff sues for the amount appearing on the face of the bill of particulars.

2. In order to bring within the provisions of section 3786 of the Civil Code an action which has been dismissed, so as to make the same stand upon the same footing as to limitation as the original case, it is essential that the declaration filed in the first instance should have been served upon the defendant. Mere filing, without service, will not be sufficient for the purpose indicated.

Submitted January 13,—Decided February 22, 1897.

Complaint on account. Before Judge Reid. City court of Atlanta. May term, 1896.

*Reed & Hartsfield,* for plaintiffs.
*Maddox & Terrell,* for defendant.

FISH, Justice.

The plaintiffs in error brought suit, in the city court of Atlanta, against the defendant upon an open account. There was a demurrer to the petition, upon the grounds, that "no cause of action, plainly, fully and distinctly set forth, is alleged against the defendant; that in none of the paragraphs of the plaintiffs' petition is any amount alleged or claimed against the defendant"; and that the action was barred by the statute of limitations. The court below sustained this demurrer, and subsequently, during the same term of the court, the plaintiffs moved the court to set aside the judg-

ment sustaining the demurrer and to reinstate the case, "upon the ground that the court ought not to have rendered said judgment, but ought to have overruled the demurrer and held said petition for trial." In conection with said motion "and as a part of the same," plaintiffs offered an amendment to the petition, which alleged "that said petition was brought to the May term, 1895, of said court, and filed in due time, but the defendant was never served with the same," for the reason that the then counsel for the plaintiffs, "after making diligent search, inquiring of his clients and all other parties from whom it seemed probable he could gain information, could not find out who was an agent or officer of the defendants' company to be served," and that said counsel and his client were not able to discover who was a proper officer of said company to be served until three or four days before the new suit was brought. Whereupon said counsel decided that it was well to dismiss the old suit and bring a new one, as an order to perfect service of the old suit must needs be served upon the defendants, which would cause probably as much delay or more than to bring a new suit." The court, in passing upon this motion, considered this tendered amendment as allowed and filed, and then overruled the motion. The plaintiffs in error allege that the court erred both in sustaining the demurrer and in overruling the motion to set aside the judgment and reinstate the case. We think that the court was right in both rulings.

1. This petition was defective; it simply alleged that the defendant was indebted to the plaintiffs upon an open account, "besides interest, a copy of which account is hereto annexed and made a part of the same," without alleging how much the defendant was indebted upon the account, or for what amount the plaintiffs sued, or even alleging that the plaintiffs sued for the amount of the balance shown by the bill of particulars. As a copy of an account was attached to the petition, this allegation, taken in connection there-

with, in the absence of a special demurrer, would doubtless have been sufficient to have sustained a verdict in the plaintiff's favor, as all amendable defects are cured by verdict, but it was not sufficient to withstand the special demurrer that no cause of action was plainly, fully and distinctly set forth, and "that in none of the paragraphs of the plaintiffs' petition is any amount alleged or claimed against the defendant." This was not setting forth in the petition the plaintiffs' cause of action plainly, fully and distinctly, as required by section 4960 of the Civil Code. The pleading act of 1893 (Civil Code, §4961) does not weaken this requirement of the code but tends to strengthen it; for it is evident, from the provisions of that act, that the plaintiff should set forth his cause of action, "in orderly and distinct paragraphs, numbered consecutively," in such manner that the defendant may "severally and distinctly answer each paragraph of the plaintiffs' petition," or, as provided by the act of December 16th, 1895 (Civil Code, §5051), "may in a single paragraph deny any or all the allegations contained in the petition, or in a single paragraph . . may admit any or all of the allegations contained in any or all of the paragraphs of the petition." The plaintiff should so plainly, fully and distinctly set forth his cause of action that the defendant may either admit or deny the whole of his claim, or admit it in part and deny it in part. "Where the plaintiff's cause of action is not set forth with sufficient clearness in his declaration, the remedy is by special demurrer, or by objection to the testimony." *Jossey* v. *Stapleton,* 57 *Ga.* 144. In this case the plaintiffs' cause of action was not set forth with sufficient clearness in the petition. The defendant pursued the proper remedy; the plaintiffs made no offer to cure the defect by an amendment; and the judgment of the court, which simply sustained the demurrer generally for this reason, was right.

2. This suit, having been brought more than four years from the date of the last item on the account, was barred

by the statute, unless the allegation in the petition "that suit on said account was brought against said defendants to the May term, 1895, of said court, but was on the 8th day of April, 1896, dismissed," was sufficient to save it. The account not being barred in May, 1895, a suit, in the full legal sense of that term, brought to the May term, 1895, of the court, would have been in time to stop the running of the statute of limitations; and as the present action was instituted immediately after the dismissal of the first proceeding, the petition did not show on its face that the bar of the statute had attached, and therefore it was not demurrable on that ground. But the amendment which the plaintiffs offered to the petition, in connection with the motion to set aside the judgment of the court sustaining the demurrer, and which the court treated as having been allowed and filed, clearly showed that the suit was barred by the statute; for it revealed the fact, which did not appear from the face of the declaration, that no service had been perfected upon the defendant in the first action. As the filing of the first petition was not followed by any service upon the defendant, there was no "suit" or "case," within the meaning of section 3786 of the Civil Code which could be "renewed" within six months so as to prevent the bar of the statute. While section 4973 says that the clerk shall endorse upon the petition "the date of its filing in office, which shall be considered the time of the commencement of the suit," still "there is a substantial difference between the commencement of an action and its being a suit pending between the parties; the first having reference only to the act of the plaintiff, but the second has reference also to the position of the defendant." Allen & Burns v. Mandeville, 26 Miss. 397. In *Ballard* v. *Bancroft*, 31 *Ga.* 503, it was said, "The delivery of a copy to the defendant is essential to perfect service, and to give the court jurisdiction." Without service on the defendant, or its equivalent, the court, though the subject-matter of the petition may be within its jurisdiction, has no jurisdiction

of the person sought to be sued; and, as said by the court, in *Gray* v. *Hodge*, 50 *Ga.* 263, "A suit in a court having no jurisdiction is no suit at all; it is simply a nullity." The second head-note in that case is, "As the first suit was dismissed for 'want of jurisdiction,' the plaintiff is estopped from saying said first suit was properly brought, or was in fact a pending suit, as the court had no jurisdiction of it." That this decision is applicable to a case where the want of jurisdiction, for which the suit is dismissed, is in reference to the person, is apparent from the case of *Ferguson* v. *New Manchester Mfg. Co.*, 51 *Ga.* 609. In which case the court says: "It appears that the plaintiff filed his declaration in the clerk's office against the defendant, but which was not served so as to give the superior court jurisdiction as provided by law, and the case was dismissed for want of jurisdiction. Within six months thereafter the plaintiff renewed his suit, which second suit was dismissed by the court, and the plaintiff excepted. This comes within the principle decided by this court in *Gray* v. *Hodge*, 50 *Ga.* 262, and must control it. The filing of the declaration in the clerk's office, when service has been perfected as provided by law, will be considered as the commencement of the suit, but the mere filing of the declaration, without more, is not the commencement of a suit, without service on a defendant, as provided by law, of whom the court has jurisdiction." In *Branch* v. *Mechanics Bank*, 50 *Ga.* 416, Judge Trippe, delivering the opinion of the court, says: "It was claimed in the argument by the plaintiff in error, that when the declaration was filed in the office of the clerk it was the commencement of a suit. This is conceded: Code, §3333. But we understand by this, when suit is perfected by service on the defendant its commencement shall date from the filing of the declaration, which is ascertainable from the endorsement by the clerk. Without service it amounts to nothing. It would scarcely be contended that a plaintiff, whose right of action lacks but a few days of being barred by the statute of

limitation, could, by simply filing his petition in the clerk's office, with the clerk's entry thereon, and then dismissing it, without service, gain six months longer time to recommence an action for the same cause." The first head-note in *Cherry* v. *North & South R. R.*, 65 *Ga.* 633, declares, "The mere filing of the declaration in office, unless followed by proper service upon the defendant, is not the commencement of a suit." A want of jurisdiction renders the suit void. A void suit does not prevent the statutory bar from attaching. *Williamson* v. *Wardlaw*, 46 *Ga.* 126; *Edwards* v. *Ross*, 58 *Ga.* 147. It is very clear from these authorities, that in order to bring within the provisions of section 3786 of the Civil Code an action which has been dismissed, so as to make the same stand upon the same footing as to limitation as the original case, it is essential that the declaration filed in the first instance should have been served upon the defendant. Mere filing, without service, will not be sufficient for this, purpose.

> *Judgment affirmed.   All the Justices concurring.*