## WHITFIELD *v.* WHITFIELD.

1. When the defendant appears and files an answer to the merits, and in such answer does not call attention to any motion previously filed raising objection to the service made upon him, or does not reserve the right to object to the service as made, a waiver of any defect in the service, or the entire absence of service, results.
2. On the hearing of an application for temporary alimony the judge has the discretion to hear the testimony either by affidavits or orally.
3. The evidence authorized the judgment.

Submitted July 18, 1906.—Decided February 14, 1907.

Application for alimony. Before Judge Pendleton. Fulton superior court. June 21, 1906.

Mrs. Tempie Whitfield filed a petition for alimony against her husband, Albert S. Whitfield. Process was annexed, and a rule nisi issued by the judge, returnable upon a named date. When this date arrived, it appearing that there had been no service upon the defendant, a new rule nisi was issued, returnable April 7, 1906. Subsequently the sheriff made a return that he had served the defendant by leaving a copy of the petition and process at his most notorious place of abode. On April 16, 1906, the defendant filed an answer to the merits of the petition. There was in this answer no reference to any defect in the service, nor any reservation of a right to call in question the regularity or validity of the service. The case came on to be heard at the May term, 1906. A judgment was rendered requiring the defendant to pay a stated amount as alimony and as attorney's fees. To this judgment the defendant excepted. The bill of exceptions recites, that the defendant "moved to dismiss the petition of plaintiff in said case for want of service;" that this motion was overruled; and that error is assigned on this ruling. The bill of exceptions contains assignments of error upon the final judgment and also upon a ruling excluding evidence.

*Arthur Thurman,* for plaintiff in error. *T. C. Battle,* contra.

Cobb, P. J. (After stating the facts.)

1. Counsel for the plaintiff in error, in his brief, contends that a petition for alimony must be served personally, and that service by leaving a copy at the most notorious place of abode is insufficient. It is stated, in the brief, that a special appearance was entered for the purpose of objecting to the service. The record fails to disclose this. The only reference to the objection to the service is in that portion of the bill of exceptions referred to in the statement of facts. As this statement, in reference to the motion to dismiss, immediately follows the preliminary statement in the bill of exceptions, as to the case coming on for hearing at the May term, it is necessarily to be inferred that this motion was made for the first time at the hearing. Prior to the hearing the defendant had entered a general appearance and filed a plea to the merits. The answer filed by him neither refers to any motion filed, raising the question as to defect in the service, nor does it reserve the right to thereafter file such motion. An answer of this character, filed under such circumstances, is to be treated as a general appearance, and, in effect, waiving any defect in the service, or even absence of service altogether.

2. At the hearing the defendant offered the affidavit of a witness, which the court refused to admit or consider. On the hearing of an application for temporary alimony the judge has the discretion to hear the testimony either by affidavits or orally. *Rogers* v. *Rogers*, 103 *Ga.* 763(1). In that case the judge exercised the discretion by hearing the testimony by affidavits. In the present case the judge exercised the discretion by requiring the witnesses to appear in person and submit to cross-examination. It appears, from the bill of exceptions, that it was the uniform custom of the court, in the trial of alimony cases, to require the witnesses to be produced and subjected to cross-examination.

3. The evidence authorized the judgment rendered, and no sufficient reason has been shown for reversing the judgment.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*