FIRST NATIONAL BANK OF CHARLESTON *v.* DUKES *et al.*

1. Where suit was brought against two defendants in a named county, it being alleged in the petition that the defendants were residents thereof, and where before the appearance term the sheriff returned the writ with an entry showing that neither of the defendants could be found in the county, and subsequently the judge of the court passed an order directing the clerk to issue second originals of the petition and process, and this was done, the process being directed to the sheriff of the county to which the defendants had removed after the filing of the petition and before service was perfected upon them, service, by the sheriff of the latter county, of a copy of the second original and process was not valid and legal service, and could not relate back so as to make the case a pending case from the date of the filing of the petition.

2. Under the facts the court did not err in dismissing the case.

APRIL 10, 1912.

Complaint. Before Judge Sheppard. Liberty superior court. February 20, 1911.

The First National Bank of Charleston brought suit in the superior court of Liberty county against J. L. Dukes as maker, and M. E. Dukes as indorser, on a promissory note. The suit was filed on September 29, 1909, and was returnable to the February term, 1910. The petition alleged that the parties defendant were residents of Liberty county. On December 14, 1909, the sheriff of Liberty county made a return of non est inventus as to both defendants; and on July 2, 1910, Judge Seabrook passed an order to perfect service. This order recited, after stating the case, that the suit was filed on the 29th day of September, 1909, and on the same date process was issued by the clerk of the superior court, and that it appeared to the court that the defendants were living in Liberty county in September, 1909, but thereafter moved out of said county and into the county of Bryan, and that no service had been made of the suit upon the defendants in time for the February term, 1910; and it further appearing that the sheriff of Liberty county had made a return of non est inventus as to both of the defendants on the 14th day of December, 1909, the clerk of the court was re-

quired to issue new process, "directed to the defendants J. L. Dukes and M. E. Dukes, requiring them personally or by attorney to be and appear at the next term of the superior court to be held in and for Liberty county on the 4th Monday in October, 1910, and that this new process shall have all the force and authority as if duly issued heretofore." The clerk of said court was further required to issue second originals and copies and forward them to the sheriff of Bryan county, and to the sheriff of any other county where the defendants might be found. Second originals and copies were thereupon issued, process being directed to the sheriff of Bryan county and his lawful deputies; and on the 18th day of July, 1910, the sheriff of Bryan county served a copy of the petition and process, making the following entry: "I have this day served the within defendants, J. L. Dukes and M. E. Dukes, with a copy of the within petition in person; this the 18th day of July, 1910." At the February term, 1911, of said superior court, the case having been called for trial and having been previously marked in default, Judge Sheppard, the successor of Judge Seabrook, dismissed the case upon the ground "that it appeared from the record that the court was without jurisdiction, the return of the officer showing that the defendants were not in the county." To this judgment the plaintiff excepted.

*W. W. Gordon Jr.* and *P. W. Meldrim,* for plaintiff, cited Acts 1910, p. 70; *Cox* v. *Strickland,* 120 *Ga.* 104, 114; *Redfearn* v. *Hines,* 123 *Ga.* 391; *Sims* v. *Sims,* 135 *Ga.* 439; *Beach Co.* v. *Baxley Co.,* 8 *Ga. App.* 251.

BECK, J. (After stating the facts.) We are of the opinion that the court properly held that the case should be dismissed, as jurisdiction of the defendants had never been obtained by valid service. There is no provision in our law for the issuance of second originals and of process directed to the sheriff of another county than that in which the suit was brought, under the facts shown in this record. It is true that the filing of the petition is the commencement of the suit, where service is afterwards duly perfected, the service then relating back to the time of the filing of the petition. But in the present case service was never properly effected. If before the time of the service the defendants removed from the county of Liberty to Bryan county under circumstances which made this removal to Bryan county a change of their domicile to that county, then the

suit could not proceed against them in Liberty county. For, in order to give the court of Liberty county jurisdiction, there should have been a suit pending against the defendants before their removal from the county; and in order to constitute a pending suit at law there must be the filing of a petition and service in pursuance thereof. "The filing of the petition is treated as the commencement of the suit only when followed by due and legal service." *Cox* v. *Strickland,* 120 *Ga.* 104 (47 S. E. 912, 1 Ann. Cas. 870); *Stallings* v. *Stallings,* 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. (N. S.) 593). See, in this connection, the case of *Varn* v. *Chapman,* 137 *Ga.* 300 (73 S. E. 507). In the present case the filing of the suit was not followed by due and legal service. The only service effected upon the defendants was the service of a copy of a second original and process attached thereto, directed to the sheriff of Bryan county. There is no provision in law for the issuance of a second original under the facts which we have recited above. If the defendants' removal to Bryan county was only temporary and did not effect a change of residence, then they continued to be residents of Liberty county, and service could have been perfected by the sheriff of Liberty county under the first original by leaving a copy of the petition and process at the defendants' most notorious place of abode. If the defendants actually became domiciled in Bryan county before there was a pending suit (which is the case only where a petition is filed and that is followed by service), then the only remedy for the plaintiff was to bring its suit in Bryan county. We know of no authority for the issuance of second originals, except where there are two or more defendants joined in the same action, and where one or more resides in the county where the suit is brought, and one or more of the defendants resides in another county.

It follows, from what we have said above, that the defendants in the case had never been properly served; and the court did not err in dismissing the cause, as it does not appear that any motion was made for a continuance in order to have service properly perfected.

*Judgment affirmed. All the Justices concur.*