### 4422. WARREN BRICK COMPANY *et al.* v. LAGARDE LIME & STONE COMPANY.

1. Where a petition is filed, returnable to the next succeeding term of the court, and service upon the defendant is not perfected in due time before the convening of that term, the court has full power and authority, at the appearance term, to pass an order requiring service to be perfected by the next term, which, upon the passage of such order, becomes the appearance term of the case. But if service is not perfected by that term, and no order is taken for service for the succeeding term, service perfected thereafter upon the defendant is a nullity, and the petition should be dismissed, upon a motion filed by the defendant in due time after the entry of service by the sheriff.

2. Where a suit is brought against two persons as partners, one of whom is regularly served, the case may proceed against him, and a judgment and execution in favor of the plaintiff will bind the individual property of the partner served, as well as the assets of the copartnership. If, in such a case, one of the partners is duly served, and an ineffectual entry of service is made as to the other, the petition may be dismissed as to the latter, and the suit proceed against the partner lawfully served.

3. Upon the merits, the case falls within the well-established rule that where the evidence is conflicting, the discretion of the trial judge in granting a first new trial will not be disturbed.

DECIDED DECEMBER 21, 1912.

Complaint; from city court of Bainbridge—W. H. Krause, judge pro hac vice. September 2, 1912.

*B. B. Bush,* for plaintiffs in error. *J. C. Hale,* contra.

POTTLE, J. Suit was brought against Warren and Wainman, as partners doing business under the name of Warren Brick Company, returnable to the March term, 1910, of the city court of Bainbridge. Process was regularly issued. On February 19, 1910, the sheriff made a return of non est inventus as to both of the partners. During the March term, 1910, the court passed an order that service be perfected on the defendants for the June term, 1910, and a new process was duly annexed to the petition, returnable to the June term. On April 2, 1910, a return of service was made as to Wainman. No order of any sort was taken at the June term in reference to service upon the defendant Warren. On January 10, 1911, which was presumably during the December term, 1910, of the city court, the judge passed an order directing that service be perfected upon Warren for the March term, 1911. On January 21, 1911, a return of service was made as to Warren. On February 19, 1911, the defendants, Warren and Wainman, filed a motion to dismiss the petition, for want of legal service upon them, and upon the same day filed an answer denying indebtedness, but not reserving in their answer the right to insist upon their motion to dismiss. The jury returned a verdict in favor of the defendants, and upon motion of the plaintiff the trial judge granted a new trial. The defendants excepted, assigning error upon the judgment granting a new trial, and upon the order overruling their motion to dismiss.

1. The motion to dismiss should have been sustained as to Warren. It was properly overruled as to Wainman. While the petition was made returnable to the March term, 1910, no service

was made upon either of the defendants prior to that term. The court had authority at the March term to pass the order which had the effect of making the June term, 1910, the appearance term in the case, as to both of the defendants. Wainman was duly served for that term; but no service was perfected on Warren, and no order was taken at that term for service upon him at a later date. The June term, 1910, was the appearance term of the case, and in the absence of an order granted at that term to perfect service for a later term, the service upon Warren of the petition and process which had been made returnable to the June term was a nullity. *Brown* v. *Tomberlin*, 137 *Ga.* 596 (73 S. E. 947). Wainman, however, having been served within the time required by the order regularly passed at the March term, 1910, the service upon him was good. The decision in *Whitfield* v. *Whitfield*, 127 *Ga.* 419 (56 S. E. 490), is relied upon to support the proposition that by filing an answer, without therein reserving the right to insist upon his motion to dismiss, Warren waived service and process. That decision, however, is not in point. It appeared in that case that at or before the appearance term, the defendant entered a general appearance and filed a plea to the merits, without reserving the right to object for want of service. At the hearing he moved orally to dismiss the petition, for want of service. It was held that this motion came too late; that by entering a general appearance and filing a plea to the merits at a previous term of the court, the defendant had waived process and service, and could not thereafter withdraw this waiver. Such is not the case here. The motion and the answer were both filed the same day. When this is done it is not essential, under the practice prevailing in this State, that the right to insist upon the motion to dismiss should be expressly reserved in the answer. On the contrary, the filing of the motion to dismiss and the answer simultaneously is a sufficient declaration on the part of the defendant that he reserves the right to insist upon the grounds of his motion. Warren not being regularly before the court, and it being too late to perfect service upon him, his motion should have been sustained.

2. It is suggested, in the brief of counsel for the plaintiffs in error, that inasmuch as the verdict was a joint one, it ought to be set aside as to both defendants. Where copartners are sued and service is perfected upon only one of them, the plaintiff has a right

to proceed to judgment and execution against the defendant served. Civil Code (1910), § 5591. Such a judgment binds the copartnership property and the individual property of the partner served. Civil Code (1910), § 5592. Not having been legally served, Warren is to be treated as not having been served at all. The petition was, however, good as a suit against the partnership and Wainman, one of the partners who was lawfully served, and the judgment granting a new trial can stand both as to the partnership and as to him.

3. The defense was payment, and on this issue the evidence was directly conflicting. For this reason the case falls within the oft-repeated rule that the discretion of the trial judge in granting a first new trial will not be disturbed.

Direction will be given that the judgment overruling the motion to dismiss the petition and granting a new trial be affirmed as to Wainman, and that the judgment overruling the motion to dismiss the petition be reversed as to Warren. The effect of this judgment is necessarily to set aside the verdict as to Warren, and the judgment entered thereon.

                *Judgment affirmed in part, and in part reversed.*