McFARLAND *v.* McFARLAND, executor.

ATKINSON, J. 1. It is declared in the Civil Code, § 4381: "If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this clause." This statute applies only in cases where a valid

suit has been pending and· subsequently dismissed. *McClendon* v. *Hernando. Phosphate Co.*, 100 *Ga.* 219 (28 S. E. 152), and cases cited.

2. In this State the filing of the petition in the clerk's office will be considered as the commencement of the suit, if service is perfected as required by law. But if no service is made, the mere filing of a petition will not suffice to authorize the action to be treated as commenced and perpetually pending. Filing followed by service creates a pending suit from the date of filing. But if there is no service, the process loses its vitality, and · the effect mentioned does not result. *Stallings* v. *Stallings*, 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. (N. S.) 593); *Hackney* v. *Asbury*, 124 *Ga.* 678 (52 S. E. 886); *Florida Central &c. R. Co.* v. *Ragan*, 104 *Ga.* 353 (30 S. E. 745); *Nicholas* v. *British America Assurance Co.*, 109 *Ga.* 621 (34 S. E. 1004); *Atlanta, Knoxville &c. Ry. Co.* v. *Wilson*, 119 *Ga.* 781 (3), 782 (47 S. E. 366); *Cox* v. *Strickland*, 120 *Ga.* 104 (7), 113 (47 S. E. 912, 1 Ann. Cas. 870); *Jordan* v. *Bosworth*, 123 *Ga.* 879 (51 S. E. 755).

3. A plea to the merits is not a waiver of a timely plea to the jurisdiction, or of a timely traverse of the sheriff's return of service, duly filed; the plea to merits expressly reserving all rights under the previous plea and traverse. *Western & Atlantic R. Co.* v. *Pitts*, 79 *Ga.* 532 (3), 536 (4 S. E. 921); *Stallings* v. *Stallings*, supra.

4. Applying the principles stated in the preceding notes, where a person was sued in a county other than that of his legal residence, and the sheriff's entry of service stated that the defendant was served by leaving a copy at his place of residence, and the defendant appeared and filed a plea to the jurisdiction, alleging that he was a resident of another county, naming the county, traversing the entry of service and making the sheriff a party to the traverse, and upon the trial of the traverse and the issue made on the plea to the jurisdiction two separate verdicts were rendered, the first sustaining the traverse of the return of the sheriff and the other sustaining the plea to the jurisdiction, upon which verdicts the court entered a judgment reciting the verdicts and dismissing the case for want of jurisdiction; and within six months after such dismissal, but after the time at which the statute of limitations applicable to the case would ordinarily have run, a similar action was brought by the plaintiff against the defendant on the same cause of action, in the county where the defendant resided, such latter action was barred. The Court of Appeals erred, under the facts of the case, in sustaining the judgment of the trial court, holding that the statute of limitations was inapplicable to the case.

(a) In the cases of *Atlanta, Knoxville &c. Ry Co.* v. *Wilson*, supra, and *Lamb* v. *Howard*, 150 *Ga.* 12 (102 S. E. 436), the filing of the petition was followed by actual service, and the petition in each case was dismissed by the plaintiff. *Judgment reversed. All the Justices concur.*

No. 1950. JANUARY 13, 1921.

Certiorari; from Court of Appeals. 24 *Ga. App.* 621.

· *W. M. Henry* and *John E. Morris Jr.*, for plaintiff in error.

*R. M. W. Glenn* and *Branch & Snow*, contra.

GEORGE, J. I disagree to the ruling of the court in so far as it is held that there was no pending suit. The majority view goes upon

the theory that there was no valid service, because the defendant was a non-resident of the county in which suit was brought. The defendant nevertheless filed a plea, which raised a distinct issue, and which was followed by a judgment of the court which is recognized by the majority of this court as being a valid judgment. It necessarily follows, that there was a pending suit which might have been renewed if nonsuited or withdrawn by the plaintiff, under the Civil Code, § 4381. The cases distinguished in the ruling by the majority were cases in which the plaintiff dismissed the suit after it had been made to appear that the court had no jurisdiction of the person. These cases necessarily require a different ruling.

I concur in the judgment upon the ground, that, save as to a judgment of nonsuit or a judgment in the nature of a judgment of nonsuit, or a dismissal or discontinuance of the case by the plaintiff, the statute does not in terms authorize the bringing of a second suit so as to make it stand upon the same basis as the first suit with reference to the statute of limitations.