26571.   PRYSE *v.* CUTLIFFE *et al.*

DECIDED FEBRUARY 17, 1938.   REHEARING DENIED MARCH 18, 1938.

*J. N. Peacock Jr.,* for plaintiff.   *Farkas & Burt,* for defendants.

FELTON, J.   Paul Pryse filed a suit for damages against Ann Cutliffe and Will Cutliffe, in the superior court of Baker County, on April 13, 1936, in which he alleged that the defendants were residents of Baker County, and that through their negligence he sustained the injury complained of on August 1, 1934.   The sheriff made a return of non est inventus as to both defendants on July 20, 1936.   At the July, 1936, term the plaintiff took an order making the January, 1937, term the return term for the suit; and no service being had on the defendants, a like order was taken at said January term, making the July, 1937, term the return term.   On June 9, 1937, on application of the plaintiff, reciting that Ann Cutliffe was living in Dougherty County, the judge of the superior court of Baker County issued an order for a second original of said suit to be issued, directing the sheriff of Dougherty County to serve Ann Cutliffe with a copy thereof.   On June 12, 1937, she was served with a copy of the suit by the sheriff of Dougherty County, and on June 19, 1937, she filed a plea to the

jurisdiction, setting up that at the time of the service, and at all times alleged in the petition, she was a resident of Dougherty County, Georgia, and that the superior court of Baker County had no jurisdiction of her person. No service of any kind was had on the defendant, Will Cutliffe. The plaintiff, on June 21, 1937, then dismissed his petition, paid the costs, and on June 22, 1937, filed practically the same suit against the same defendants in the city court of Albany. The above facts appear from the plaintiff's petition as amended. Ann Cutliffe was served and demurred to the petition on the ground, among others, that the suit was barred by the statute of limitations. The court sustained this demurrer, and the plaintiff excepted. The question for determination is whether or not, under the facts stated and the law applicable thereto, the plaintiff's suit, filed in the city court of Albany, was barred by the statute of limitations. The Code, § 3-808, provides: "If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitations, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this section." There can be no pending suit in legal contemplation unless it is followed up by due and legal service on the defendant, or service be waived. It clearly appears that when the suit, which was filed in the superior court of Baker County, was served on the defendant, Ann Cutliffe, she was living in Dougherty County, and the only service effected on her was a copy of a second original of said suit, directed to the sheriff of Dougherty County. No service of any kind was had on Will Cutliffe, and the plaintiff voluntarily dismissed his petition on the filing of the plea to the jurisdiction by Ann Cutliffe, in which she set up one ground, namely, that she was a resident of Dougherty County.

Under the ruling in *Rountree* v. *Key*, 71 *Ga.* 214, if the suit had been served by the sheriff of Baker County, there would have been a pending suit under the facts of this case, for the same reason that was enunciated in the above case, namely, that the suit was *voluntarily* dismissed by the plaintiff before there was an adjudication by the court that it had no jurisdiction. Inasmuch as legal service of petition and process may be waived, if it was waived in this case this fact would put the case on all fours with

the *Rountree* case, supra. We are of the opinion that when Ann Cutliffe filed a plea to the jurisdiction of Baker superior court on the sole ground that neither she nor her codefendant was a resident of Baker County, she waived any defective service. Void service may be waived by a plea to the merits. *Whitfield* v. *Whitfield,* 127 *Ga.* 419 (56 S. E. 490). So we think that the election to appear and attack the jurisdiction of the court on a ground other than that of defective service was a waiver of the defective service, for the reason that, if the issue raised by the plea to the jurisdiction had been adjudicated against the defendant, such adjudication would have precluded her as to any other jurisdictional question which could have been raised by a plea to the jurisdiction, and she could never thereafter have pleaded that she was not properly served. That there was no service, or that the service was imperfect in a pending case, is not a ground of demurrer or motion to dismiss (*Livingston* v. *Marshall,* 82 *Ga.* 281, 11 S. E. 542), and the only way the question of proper service could have been raised would have been by a plea. The case of *First National Bank* v. *Dukes,* 138 *Ga.* 66 (74 S. E. 789), is not applicable, because in that case there was no waiver of the imperfect service by appearance of any kind. In the case of *McFarland* v. *McFarland,* 159 *Ga.* 9 (105 S. E. 596), there was a plea to the jurisdiction and a traverse of the return of service, and an adjudication by the court of the lack of the court's jurisdiction and a lack of legal service. Consequently there could have been no valid pending suit. The court dismissed the case for lack of jurisdiction. In the present case there was no such adjudication. The suit in this case was voluntarily dismissed. Inasmuch as the defective service was waived as of the time the first suit was dismissed, there was a valid suit pending which was renewable within six months; and the judge erred in holding that the second suit was barred by the statute of limitations, and in dismissing the petition on general demurrer.

*Judgment reversed. Stephens, P. J., concurs. Sutton, J., dissents.*

SUTTON, J., dissenting. It is a well-established principle of law that there can be no pending suit in legal contemplation unless it is followed up by due and legal service on the defendant. The only service effected in this case was the service of a copy of a

second original of the suit filed in Baker County on Ann Cutliffe, who was living in Dougherty County; and this was not valid service, as there is no authority in our law for the issuance and service of a second original under the facts appearing from the present case. No service of any kind was had on Will Cutliffe. Therefore the suit in Baker County, when voluntarily dismissed by the plaintiff, was an absolute nullity, because it was not followed up by any service as provided by law. This is well-established law in our State. It was held in *McClendon* v. *Hernando Phosphate Co.,* 100 *Ga.* 219, 222 (28 S. E. 152) : "As the filing of the first petition was not followed by any service upon the defendant, there was no 'suit' or 'case,' within the meaning of section 3786 of the Civil Code, which could be 'renewed' within six months so as to prevent the bar of the statute. . . Without service on the defendant, or its equivalent, the court, though the subject-matter of the petition may be within its jurisdiction, has no jurisdiction of the person sought to be sued; and, as said by the court, in *Gray* v. *Hodge,* 50 *Ga.* 262, 'A suit in a court having no jurisdiction is no suit at all; it is simply a nullity.' The second headnote in that case is : 'As the first suit was dismissed for 'want of jurisdiction,' the plaintiff is estopped from saying said first suit was properly brought, or was in fact a pending suit, as the court had no jurisdiction of it.' That this decision is applicable to a case where the want of jurisdiction, for which the suit is dismissed, is in reference to the person, is apparent from the case of *Ferguson* v. *New Manchester Mfg. Co.,* 51 *Ga.* 609. In which case the court says : 'It appears that the plaintiff filed his declaration in the clerk's office against the defendant, but which was not served so as to give the superior court jurisdiction as provided by law, and the case was dismissed for want of jurisdiction. Within six months thereafter the plaintiff renewed his suit, which second suit was dismissed by the court, and the plaintiff excepted. This comes within the principle decided by this court in *Gray* v. *Hodge,* 50 *Ga.* 262, and must control it. The filing of the declaration in the clerk's office, when service has been perfected as provided by law, will be considered as the commencement of the suit, but the mere filing of the declaration, without more, is not the commencement of a suit, without service on a defendant, as provided by law, of whom the court has jurisdiction.'" And, as was

said in *Edwards* v. *Ross,* 58 *Ga.* 147 (3), "A void thing is not a 'suit' or 'case' within the meaning of" the above section (Code of 1933, § 3-808), and can not be used as the basis for the renewal of a suit. These decisions have been followed and approved in a number of cases. See *Taylor* v. *State,* 160 *Ga.* 331, 335 (127 S. E. 652).

In *First National Bank* v. *Dukes,* 138 *Ga.* 66 (74 S. E. 789), it was held: "Where suit was brought against two defendants in a named county, it being alleged in the petition that the defendants were residents thereof, and where before the appearance term the sheriff returned the writ with an entry showing that neither of the defendants could be found in the county, and subsequently the judge of the court passed an order directing the clerk to issue second originals of the petition and process, and this was done, the process being directed to the sheriff of the county to which the defendants had removed after the filing of the petition and before service was perfected upon them, service, by the sheriff of the latter county, of a copy of the second original and process was not valid and legal service, and could not relate back so as to make the case a pending case from the date of the filing of the petition." In *McFarland* v. *McFarland,* 151 *Ga.* 9 (2) (supra), it was held: "In this State the filing of the petition in the clerk's office will be considered as the commencement of the suit, if service is perfected as required by law. But if no service is made, the mere filing of a petition will not suffice to authorize the action to be treated as commenced and perpetually pending. Filing followed by service creates a pending suit from the date of filing. But if there is no service, the process loses its vitality, and the effect mentioned does not result" (citing). It was also ruled in that case that where "the court entered a judgment . . dismissing the case for want of jurisdiction; and within six months after such dismissal, but after the time at which the statute of limitations applicable to the case would ordinarily have run, a similar action was brought by the plaintiff against the defendant on the same cause of action, in the county where the defendant resided, such latter action was barred." Certainly a petition filed without service could not be used as the basis for a renewal suit. We have the same thing here—a petition with void service. The provision of the Code, § 3-808 (with reference to suits being renewed), applies

only in cases where the suit dismissed or nonsuited was a valid suit. *Southern Flour & Grain Co.* v. *Simmons,* 49 *Ga. App.* 517 (171 S. E. 218).

*Rountree* v. *Key,* 71 *Ga.* 214, cited in the majority opinion, is distinguishable from the present case. There the defendant lived in and was served in the county where the suit was filed. The plaintiff allowed the case to be dismissed for want of prosecution; and the point there decided was that such a dismissal comes within the purview of the Code, § 3-808. There was service, and a suit pending when it was dismissed. But my brethren take the view that when Ann Cutliffe filed a plea to the jurisdiction, without excepting to the service, she thereby waived service. Surely this can not be the law. The peculiar province of a plea to the jurisdiction is to enable a defendant to contest the jurisdiction of the court. It provides a special appearance for that purpose only. If such an appearance gave the court jurisdiction, or waived any right of the defendant, the very purpose and object of such a plea would thereby be defeated. It has been repeatedly held that such a plea does not in any way give a court jurisdiction of the person. *Whitfield* v. *Whitfield,* 127 *Ga.* 419 (56 S. E. 490), cited in the majority opinion, is without application to the case at bar. There, in an alimony case, service was made at the defendant's most notorious place of abode. He filed an answer to the merits of the suit, without any reservation to call in question the regularity or validity of the service. Of course, pleading to the merits without reservation will amount to a waiver of void or irregular service. This is a well-established principle of law. But this question is not in the present case, as the defendant made no appearance except by a plea to the jurisdiction. In *Stallings* v. *Stallings,* 127 *Ga.* 464 (56 S. E. 469, 9 L.R.A. (N. S.) 593), which was an alimony suit, the only service was under order of the court, by serving the defendant's attorney and by sending a copy of the proceeding by registered mail to the defendant, who was in another State. The defendant moved to dismiss the case because no legal or proper service had been made on him, and he filed a demurrer, a plea to the jurisdiction, and an answer. The court held that this was not a pending suit, for the reason that the filing of the petition was not followed up by service as required by law; and also held: "The appearance in this case did not waive service or

554

jurisdiction. If so, a defendant could never raise these questions; for if he appeared to do so, he would waive his objection by making it. Appearance and pleading to the merits will waive service, if no objection is made to the want of service. But it does not have that effect where before or at the same time want of service is pleaded. Under our system of practice, both pleas may be filed together without destroying each other. *Western & Atlantic R. Co.* v. *Pitts,* 79 *Ga.* 532 [4 S. E. 921]."

As-the filing of the suit in Baker County was not followed by any legal service on the defendant, and the plea to the jurisdiction not amounting to a waiver of service, there was no suit pending within the meaning of the Code, § 3-808, which could be renewed within six months so as to prevent the bar of the statute in this action. It appeared from the face of the pleadings in the case at bar that there was no *suit pending,* within legal contemplation, in Baker County when the same was voluntarily dismissed by the plaintiff; and this could properly be taken advantage of by demurrer in the case at bar. The cases cited by the plaintiff in error, *Rountree* v. *Key,* 71 *Ga.* 214, *Atlanta, K. & N. Ry. Co.* v. *Wilson,* 119 *Ga.* 781, 784 (47 S. E. 366), *Lamb* v. *Howard,* 150 *Ga.* 12 (102 S. E. 436), *Clark* v. *Newsome,* 180 *Ga.* 97, 100 (178 S. E. 386), and *Tufts* v. *Threlkeld,* 31 *Ga. App.* 453 (121 S. E. 120), are distinguishable on their facts from the present case. Valid service was had on the defendants in those cases; and it was held that the suits were suits pending. That is the distinction between those cases and the ones that I have cited herein as authority for my position in the present case. There was no *suit pending* in Baker superior court; and I am of the opinion that the order of the judge sustaining the demurrer should be affirmed.