## 39825.   PLANTERS RURAL TELEPHONE COOPERATIVE, INC. v. CHANCE.

DECIDED NOVEMBER 15, 1962—
REHEARING DENIED DECEMBER 7, 1962.

*W. Colbert Hawkins*, for plaintiff in error.

*Harold W. Hollingsworth*, contra.

HALL, Judge.   The plaintiff contends that he is not barred by the statute of limitation from bringing the present suit because the provisions of *Code* § 3-808 are applicable, his former suit having been dismissed on the ground of jurisdiction only in that the defendant corporation was not a resident of the county in which the suit was brought.   *Code* § 3-808 provides: "If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing as to limitation, with the original case . . ."

"A void suit does not prevent the statutory bar from attaching . . . in order to bring within the provisions of . . . [*Code* § 3-808] an action which has been dismissed, so as to make the same stand upon the same footing as to limitation as the original case, it is essential that the declaration filed in the first instance should have been served upon the defendant. Mere filing, without service, will not be sufficient for this purpose." *McClendon & Co. v. Hernando Phosphate Co.*, 100 Ga. 219, 224 (28 SE 152). Neither will filing plus a return on its face showing legal service, which when traversed reveals there was no service at all, "suffice to authorize the action to be treated as commenced and perpetually pending." *McFarland v. McFarland*, 151 Ga. 9 (105 SE 596), reversing 24 Ga. App. 621 (102 SE 37). *Code* § 22-1101 prescribes the manner of service on corporations: "Service of all writs, attachments, and other process necessary to the commencement of any suit against any corporation in any court . . . may be perfected by serving any officer or agent of such corporation, or *by leaving the same at the place of transacting the usual and ordinary public business of such corporation, if any such place of business THEN shall be within the jurisdiction of the court in which said suit may be commenced.* The officer shall specify the mode of service in his return." (Emphasis supplied.) See *Clements v. Sims T.V., Inc.*, 105 Ga. App. 769 (125 SE2d 705). The "place of transacting the usual and ordinary public business of such corporation . . ." refers to the place at the time of the filing of the suit. See *Padrick v. Kiser Co.*, 33 Ga. App. 15, 18 (124 SE 901). "If there is an entire absence of a return of service, or if the return made is void because showing service upon the wrong person, or at a time, place, or in a manner not provided by law, the court should not proceed." *Phillips v. Bond*, 132 Ga. 413, 419 (64 SE 456); *Fincher & Womble v. Hanson*, 12 Ga. App. 608, 611 (77 SE 1068); *Smith v. Bryan*, 60 Ga. 628, 629; *McFarland v. McFarland*, 151 Ga. 9, supra. "When a statute provides for substituted service of process by leaving a copy at the . . . place of business of the defendant . . . a return of service so made must affirmatively show that everything required by the statute was strictly performed in the manner required by statute,

including the fact that the place at which the copy was left was a place of the character designated by statute, . . ." 72 CJS 1133-4, § 95.

The return of service in the plaintiff's former suit was as follows: "To the defendant upon whom this petition is served: This copy of petition and process was served upon you by leaving a copy at the office of Planters Electric Membership Corporation, the office in which the Planters Rural Telephone Cooperative Inc. had their office in 1956. This the 6th day of May, 1960. Wilmer Taylor, Sheriff City Court of Millen." The return of service in the plaintiff's former suit shows on its face that the petition was not served on the defendant in a manner prescribed by *Code* § 22-1101. Hence the service was void, and the mere filing of the former suit did not toll the statute of limitation.

In the former suit, the defendant demurred to the petition both on the ground of lack of service (apparent on the face of the record) and improper venue. The plaintiff consented to the dismissal of the suit on the latter ground. The plaintiff now contends that the question of lack of service cannot be raised by demurrer or motion and that the filing of defendant's plea to the jurisdiction in the former suit on the ground of improper venue waived defective service, citing *Pryse v. Cutliffe,* 57 Ga. App. 548 (195 SE 913). While the filing of such a plea without objecting to service or want of service is a waiver of service, there was no attempt in the *Pryse* case to raise the question of lack of service by either a demurrer or motion. *Cutliffe v. Pryse,* 187 Ga. 51, 54-55 (200 SE 124). The case of *Livingston v. Marshall,* 82 Ga. 281 (11 SE 542) has the following statement in headnote 3: "That a bill has not been served is not a ground of demurrer to the same." However, Judge Powell in *Bell v. New Orleans &c. R. Co.,* 2 Ga. App. 812, 816 (59 SE 102), cites the *Livingston* case for the following proposition: *"When the record shows a valid return of service,* and it is necessary to resort to extrinsic testimony to show that there has been no service, or that the service was for any reason invalid, the objection can be made only by plea in abatement (if before judgment), and in connection therewith the sheriff's return must be

duly traversed. 19 Am. & Eng. Enc. Pl. & Pr. 707; Civil Code, § 4988; *Livingston v. Marshall,* 82 Ga. [281]." (Emphasis supplied). Judge Powell's opinion also states: ". . . If lack of proper service appears on the face of the record, advantage of this defect may be taken by motion or any other appropriate procedure, either before or after judgment, provided the defendant by his conduct has done nothing to waive service. *Hobby v. Bunch,* 83 Ga. 1 (5)." *Code* § 81-501 provides: "Pleas to the jurisdiction shall be pleaded in person, and must, when relied on, be pleaded specially, unless a want of jurisdiction shall appear on the face of the proceedings, in which case it may be taken advantage of on motion." The Supreme Court held in *Cox v. Potts,*[1] 67 Ga. 521, 527 that "want of jurisdiction" under this Code section includes "the want of legal service . . .", and that there had been no waiver of service for the reason that ". . . the motion to dismiss could have been made during the term, where the defect, as in this case, appeared on the writ." Since such a defect may be raised by an oral motion, it would seem somewhat lacking in logic to hold that it could not be raised by a written demurrer specifically pointing out such defect. Nevertheless, we need not cross that Rubicon. "It matters not by what name any pleading is called, the court will look to the substance rather than to the name. It is elementary that a misnomer of proceedings does not prevail over the substance." *Southern Guaranty Ins. Co. v. Beasley,* 106 Ga. App. 64, 65 (126 SE2d 260) ; *Waller v. Morris,* 78 Ga. App. 821, 822 (52 SE2d 583). While the defendant labeled his pleading a demurrer, the substance of it was that "said petition shows on its face that it was not served on an officer or agent of the corporation or its place of business or upon any person upon whom service was authorized or in a manner upon which service may be made upon a corporation and in particular upon said defendant." The defendant having filed this objection, we hold that he did not waive the question of lack of service so as to

[1]*Thurman v. Willingham,* 18 Ga. App. 395 (2) (89 SE 442) held that *Code* § 81-501 relates only to jurisdiction of the subject matter. However, it is contra to the *Cox* case and must yield accordingly.

bar the defendant·from raising the issue in the present suit by a special plea.

The trial court erred in overruling the defendant's special plea of the statute of limitation and granting summary judgment for the plaintiff.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*