10774.  McFARLAND v. McFARLAND, executor.

Where a person was sued in a county other than that of his legal residence or domicile, and the sheriff's entry of service stated that the defendant was served by leaving a copy "at his place of residence," and the defendant appeared and filed a plea to the jurisdiction, alleging that he was a resident of another county, naming the county, traversing the entry of service and making the sheriff a party to the traverse, and upon the trial of the traverse and the issue made on the plea to the jurisdiction two separate verdicts were rendered, the first sustaining the traverse to the return of the sheriff and the other sustaining the plea to the jurisdiction, upon which verdicts the court entered a judgment reciting the verdicts and dismissing the case for want of jurisdiction, held, that this suit was such a suit as prevented the statute of limitations from running as against a subsequent suit brought for the same cause of action within six months in the county of the defendant's true residence.

DECIDED DECEMBER 16, 1919.  REHEARING DENIED FEBRUARY 7, 1920.

(Certiorari was granted by the Supreme Court.)

Complaint; from Brooks superior court—Judge Thomas.  June 7, 1919.

W. M. Henry, John E. Morris Jr., for plaintiff in error.

R. M. W. Glenn, Branch & Snow, contra.

SMITH, J.  On July 30, 1917, T. J. McFarland, as executor of J. M. McFarland, brought suit in the superior court of Brooks county against J. A. McFarland, seeking to recover upon two promissory notes.  One note was dated January 27, 1892, and the other dated March 12, 1892, each being for a specified amount of money as principal, both bearing interest from date at the rate of 8% per annum, and both due one date after date.  The petition in one paragraph alleged that the former suit had been brought upon said notes in the superior court of Walker·county, Georgia, and was filed January 7, 1912, and nonsuited and discontinued on February 19, 1917.  The petition further alleged that all the

costs of the former suit had been paid and that this last suit was brought within six months from the date of the dismissal. The petition did not attach a transcript of the record from the superior court of Walker county. To this latter suit the defendant filed two pleas, one a plea of payment and the other a plea of the statute of limitations, and upon the trial of the case the plaintiff introduced in evidence a certified transcript of the proceedings in the superior court of Walker county. After the evidence was all in the court charged the jury on all the issues involved in the case, except the issue as to the statute of limitations. Defendant's counsel called his attention to this omission and he declined to .charge on this subject, giving as his reason that the statute of limitations was not involved in the case. This ruling was not error, as, under the testimony introduced by the plaintiff, the suit in the superior court of Walker county was such a suit as prevented the statute of limitations from running, and the bringing of the subsequent suit within six months thereafter and after payment of costs was allowable under the law. See *Mitchell County* v. *Dixon,* 20 *Ga. App.* 21 (92 S. E. 405) ; *Atlanta, K. & N. Ry. Co.* v. *Wilson,* 119 *Ga.* 782 (47 S. E. 366).

There was evidence to support the verdict.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*