23431. BLUESTEIN v. AMASON.

DECIDED MAY 23, 1934.

*Tyson & Tyson,* for plaintiff in error. *Paul J. Varner,* contra.

BROYLES, C. J. On February 10, 1933, R. F. Amason brought suit against M. Bluestein for the breach of a contract. On February 28, 1933, the defendant filed his answer denying the breach and setting up a counterclaim. A verdict was rendered in favor of the defendant on his counterclaim for $350 principal and $47.58 interest to date of judgment. The plaintiff made a motion for a new trial, which the court granted. To this judgment granting a new trial the defendant excepted and now assigns error thereon.

The bill of exceptions recites that the only ground of the motion for a new trial argued and insisted upon by the plaintiff in the trial court was that the court erred in failing to charge the jury upon the statute of limitations, and the bill of exceptions is duly certified as true by the trial judge. The sole contention as to the statute of limitations is relative to the counterclaim of the defendant Bluestein. An agreed statement of facts recites that "The suit was filed February 10, 1933, and the defendant's answer, which said answer set out a counterclaim against plaintiff for $350, was filed February 28, 1933. Plaintiff filed a plea of statute of limita-

tions to defendant's counterclaim. The witness Bluestein testified that in 1929 he and the plaintiff entered into verbal agreement whereby he did furnish the defendant [in the counterclaim] about November, 1929, the sum of $500 with which to purchase furs and hides; that defendant was to purchase and sell to Bluestein the hides, keeping the $500 as a revolving fund; that at the end of the fur season of 1929-1930 the defendant was to repay the $500 either in cash or furs; that the end of the season was March 1, 1930, but the last transaction was Feb. 24, 1930, at which time there was a credit of $150 given in furs, leaving an indebtedness in favor of Bluestein of $350; that he did not know what the account exhibited to him was. The witness Amason testified that in 1928 such transaction was had, and the arrangements were for the season 1928-1929, and that he fully satisfied Bluestein's demand by selling all furs to him after buying a Ford at Bluestein's instance, and their accounting was had Feb. 24, 1929. Amason proved by the cashier of the Darien bank that he (Amason) deposited $450 in the bank about November 1, 1928."

The defendant Bluestein (now plaintiff in error) contends that "all mutual demands existing at the commencement of the suit may be set off, provided such demands were not then barred by the statute." The plaintiff (now defendant in error) contends that "the statute of limitations does not cease to run against the set-offs of the defendant until the time the defendant files his plea of set-offs in the case." A decision of this issue would be obiter dictum in this case, as, under the agreed statement of facts, the counter-claim is not barred in either event. Regardless of when the parties had the last transactions prior to the date the debt was due, and regardless of whether the agreement was for 1928-1929 or 1929-1930, it is undisputed that *at the end of the fur season* Amason was to repay the $500, and that the end of the fur season was March 1. In other words, March 1 was the day the debt was due and the day the statute of limitations began to run. Taking the dates most remote from each other, and conceding, but not deciding, that the statute began to run on March 1, 1929, and that the expiration of the statute was the date of filing the set-off on February 28, 1933, this was not quite four years, and, therefore, the statute of limitations was not involved, and the granting of a new trial based on the court's failure to charge on the statute of limitations, was error.

Plaintiff in error insists that since this was the "only" ground of the motion for a new trial argued and insisted upon, and the only ground upon which a new trial was granted, the judgment should be reversed. To this we can not agree. This was the first grant of a new trial. It is true, as stated in *Jones Motor Co.* v. *Finch Motor Co.,* 34 *Ga. App.* 399, 403 (129 S. E. 915), that "even a first new trial can not be granted where, under the law and the evidence, the verdict as rendered was the only lawful result." But, "upon the merits, the case falls within the well-established rule that where the evidence is conflicting, the discretion of the trial judge in granting a first new trial will not be disturbed." *Warren Brick Co.* v. *Lagarde Lime & Stone Co.,* 12 *Ga. App.* 58 (3) (76 S. E. 761). The verdict on the counterclaim was not demanded for either party. On the contrary, there was a sharp conflict in the evidence. Bluestein testified that the agreement was for 1929-1930, and that "the last transaction was February 24, 1930, at which time there was a credit of $150 given in furs, leaving an indebtedness in favor of Bluestein of $350." Amason testified that the arrangements were for the season 1928-1929, and that he fully satisfied Bluestein's demand by selling all furs to him after buying a Ford at Bluestein's instance, and their accounting was had February 24, 1929. As stated in *Weinkle* v. *Brunswick & Western Railroad Co.,* 107 *Ga.* 367, 369 (33 S. E. 471): "As this is the first grant of a new trial, the main bill of exceptions must be affirmed unless it appears that the law and facts required the verdict which has been rendered in the case. Civil Code, § 5585 [§ 6204 of the Code of 1910]. This is true notwithstanding the new trial was granted upon a single ground and that involved a question of law only. *Johnson* v. *R. Co.,* 102 *Ga.* 577 [27 S. E. 681]; *Railway Co.* v. *Higgins,* Ibid. 586 [27 S. E. 785]. It may now be considered as settled that this court will not, under any circumstances, reverse a judgment granting a first new trial, whether the grant be general upon all the grounds of the motion or special upon one or more grounds only, or whether it be upon a ground which involves questions of evidence or upon a ground which involves purely questions of law, unless it is made to appear that no other verdict than the one rendered could possibly have been returned under the law and facts of the case." "Even if the law of the present case be as contended by the plaintiff in error (but as

to which no ruling is now made), it does not appear from the record that the facts required the verdict; for the evidence was directly conflicting upon a controlling issue. Therefore, in view of the provisions of section 5585 of the Civil Code [§ 6204 of the Code of 1910], this court will not reverse a judgment granting a first new trial." *Adams* v. *Hancock,* 103 *Ga.* 561 (29 S. E. 715).

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*